UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COUNTER TERRORIST GROUP US, and J.K. IDEMA, <br><br> Plaintiff, <br><br> vs. <br><br> ASSOCIATED PRESS, ASSOCIATED PRESS TV NEWS, PAUL HAVEN, STEPHEN GRAHAM, JASON STRAZZIO, AMIR SHAH, JOHN DOES 1-7 <br><br> Defendants. | Hon. Deborah A. Batts <br><br> Civil Action No. 07-CV-6299 (DAB) <br><br><br> **AFFIDAVIT IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

I, J.K. IDEMA, hereby certify as follows:

1. I am the plaintiff in the above referenced matter. I filed the verified complaint in this matter and I am intimately familiar with all the facts of this case. I submit this affidavit in opposition to defendant Associated Press' motion to dismiss the complaint for failure to state a claim.

2. As the Court is aware, on a motion to dismiss for failure to state a claim under Fed R. Civ. Proc. 12(b)(6), the Court must accept all allegations in the complaint as true, view all allegations in the light most favorable to the plaintiff and resolve all doubts in plaintiff's favor. Warner Bros. Ent. v. Ideal World Direct, 2007 U.S. Dist. LEXIS 71013 (S.D.N.Y. 2007). "The Court will grant such a motion only if after viewing plaintiff's allegations in the most favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . . Even if recovery for Plaintiff appears remote from the face of the complaint, the issue is not

whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support his claims. . . Accordingly, the factual allegations from the Complaint set forth and considered herein are presumed to be true for the purpose of deciding the motion to dismiss." Felix The Cat Prods. v. Cal. Clock Co., 2007 U.S. Dist. LEXIS 25290, 3-4 (S.D.N.Y. 2007)(citations omitted). Plaintiffs have plead sufficient facts in the complaint, which, when viewed in light most favorable to the plaintiffs, are sufficient to survive a motion to dismiss.

3. In response to defendant's argument that the complaint should be dismissed as plaintiffs have failed to obtain registration of the copyrighted material, Plaintiffs state that in June 2005, we submitted applications to the United States Copyright Office to register the items/images referenced in the Complaint and which form the basis of the Complaint. Plaintiffs are awaiting the registration of the items and will forward proofs of same once obtained from the Copyright Office.

4. In response to defendants' preemption arguments, Plaintiffs state that the state claims are not preempted as the claims plead in the complaint contain an extra element. *See* 1 Nimmer on Copyright § 1.01, pages 1-13 (2002) ("if qualitative other elements are required, instead of, or in addition to, the acts of reproduction, performance, distribution, or display, in order to constitute a state-created cause of action, then the right does not lie 'within the scope of copyright,' and there is no-preemption."); Id. at §8.23, fn.1, pg 8-272.9 (Under the extra element test, it is clear that federal copyright law does not preempt state causes of action alleging fraud or conversion.); eScholar, LLC v. Otis Education Systems, Inc., 387 F. Supp.2d 329, 332-333 (S.D.N.Y. 2005); Bowers v. Baystate Technologies, Inc., 320 F.3d 1317, 1324-25 (Fed. Cir. 2003); Wolff v. Institute of Elec.

& Electronics Eng., 768 F. Supp. 66, 69 (S.D.N.Y. 1991). As indicated in the detailed complaint, there are extra elements to each of the claims and therefore those claims are not preempted by the copyright claim.

5. In response to defendants' arguments that plaintiffs' complaint fails to state a claim for defamation and or any other claim based upon AP News Reports, plaintiffs will rely upon the details already plead in the complaint. A defamatory statement of fact is one that tends to expose the plaintiff to public contempt, ridicule, aversion, or disgrace or induce an evil opinion of him in the minds of right-thinking people to deprive him of their friendly intercourse in society. Ferlito v. County of Suffolk, 2007 U.S. Dist. LEXIS 85523, 11-12 (S.D.N.Y. 2007), citing Rinaldi v. Holt, Rinehardt & Winston, Inc., 366 N.E.2d 1299 (1977). Plaintiffs have provided sufficient examples in their complaint of defamatory statements made by the defendants.

6. Defendant's motion should be denied as Plaintiffs have plead sufficient facts in the complaint to support all of its claims and those facts, when viewed in light most favorable to the plaintiffs, provide sufficient support for plaintiffs' claims. In the alternative, Plaintiffs should be allowed leave to amend their complaint prior to a dismissal.

7. Plaintiffs respectfully request oral argument.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

BY: _/s/ Jack Idema_____
JACK IDEMA

DATED: November 27, 2007

3