UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

| | |
|---|---|
| COUNTER TERRORIST GROUP US and J. K. IDEMA, | : Index No. 07-CV-6299 (DAB) |
| Plaintiffs, | : |
| v. | : **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| ASSOCIATED PRESS, ASSOCIATED PRESS TV NEWS, PAUL HAVEN, STEPHEN GRAHAM, JASON STRAZZIO, AMIR SHAH, JOHN DOES 1-7. | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

Defendants The Associated Press and Associated Press Television News, Inc. (collectively "AP") respectfully submit this reply memorandum in further support of their motion to dismiss and in response to the "Affidavit in Opposition" filed by plaintiff J. K. Idema.[1] The opposition provides no grounds to defeat the motion.

1.  No opposition was filed by plaintiff Counter Terrorist Group US ("Counterr") and dismissal should be entered against it for the reasons discussed in AP's motion. *See also* LOCAL RULE 7.1; *Vargas v. Boston Chicken, Inc.*, 269 F. Supp. 2d 92, 98 (E.D.N.Y. 2003).

2.  The Idema "Affidavit" is patently defective and may properly be stricken by the court. *See* FED. R. CIV. P. 7(b), 11(a) (no signature on any opposition papers by counsel of record for Idema); LOCAL RULE 7.1 (no memorandum of law); 28 U.S.C. §1746 (no verification that declaration is subject to the perjury laws of the United States).

3.  The Idema opposition does not in any event meet the substance of AP's motion, instead resting on the allegations in the complaint and urging without significant elaboration that

---

[1] On November 13, 2007, plaintiffs amended their complaint as of right pursuant to FED. R. CIV. P. 15(a) by adding and substituting parties. Their amended pleading made no substantive change to the claims asserted against AP.

those allegations are self-evidently sufficient to defeat the motion. They are not, as AP demonstrates at length in its initial moving Memorandum. *See* AP Mem. at 6-24.

4. Idema's opposition admits that plaintiffs have no copyright registrations for any allegedly infringed materials, Idema Aff. ¶ 3, conclusively requiring dismissal of the claims for direct and contributory copyright infringement. *See* AP Mem. at 6-7; *see also In re Literary Works in Elec. Databases Copyright Litig.*, --- F.3d ---, 2007 WL 4197413, at *4-6 (2d Cir. Nov. 29, 2007).

5. Idema argues that his other state law claims are not preempted by the Copyright Act, but he merely states the legal standard that preemption does not apply if "an extra element" exists without explaining how this overcomes AP's motion. AP cited this same standard in its motion and demonstrated how it is not satisfied by any of Idema's state law claims. *See* AP Mem. at 7-12. The few cases vaguely referenced in Idema's opposition are not to the contrary, but further support dismissal:

- *Wolff v. Institute of Electrical & Electronics Engineers, Inc.*, in fact found a claim for breach of contract contained on a stock photo invoice to be preempted. 768 F. Supp. 66, 69 (S.D.N.Y. 1991) (cited in AP Mem. at 10).

- *eScholar LLC v. Otis Educational Systems Inc.*, granted a motion to dismiss a contract claim on preemption grounds "*to the extent it seeks to enforce Plaintiff's exclusive right to reproduce and distribute its work*, but denied [the motion] to the extent it seeks to enforce contractually guaranteed rights to audit books and receive royalt[ies]." 387 F. Supp. 2d 329, 332 (S.D.N.Y. 2005) (emphasis added). No such agreement for guaranteed royalties is alleged here.

- *Bowers v. Baystate Technologies, Inc.*, held a contract claim not to be preempted where it contained a prohibition against "reverse engineering" copyrighted software and thus imposed restrictions "*far broader* than the protection afforded by copyright law." 320 F.3d 1317, 1322, 1325-26 (Fed. Cir. 2003) (emphasis added). No such broad restriction is alleged here.

6. Idema also cites *Nimmer on Copyright* as supporting the viability of his fraud and conversion claims, Idema Aff. ¶ 4, but misreads the treatise. *Nimmer* says that fraud claims are preempted only if they are "of the 'passing off' variety," that is if AP were publishing its *own* photos and representing for some economic benefit that they were actually *Idema's*, the claim would not be pre-empted. 1-1 NIMMER ON COPYRIGHT § 1.01[B][1][e]. Idema's claim, to the contrary, is that AP is using *his* photos and claiming they are *AP's*, when they are not. As *Nimmer* makes plain, this "is not passing off" but rather "a disguised copyright infringement claim, and hence pre-empted." *Id. Nimmer* is equally in agreement with AP's motion on the issue of conversion. *Compare* AP Mem. at 11-12, 18, *with* 1-1 NIMMER, *supra*, § 1.01[B][1][i] (claim for conversion of intangible property is preempted).

## CONCLUSION

Idema's opposition is both procedurally and substantively inadequate to defeat AP's motion to dismiss. For the foregoing reasons, and those stated in AP's Opening Brief, the Court should dismiss the Complaint forthwith.

Dated: New York, New York
       December 6, 2007

        Respectfully submitted,

        LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.


        By:   /s/ Gayle C. Sproul
             David A. Schulz
             Gayle C. Sproul
             Michael Berry (*Pro Hac Vice*)

        321 West 44th Street, Suite 510
        New York, New York 10036
        (212) 850-6100

        *Attorneys for Defendants Associated Press*
        *and Associated Press Television News, Inc.*

## **CERTIFICATE OF SERVICE**

I, Gayle C. Sproul, hereby certify that on this 6th day of December, 2007, I caused a true and correct copy of the foregoing Reply Memorandum in Support of Motion to Dismiss to be served upon the following counsel of record via the Court's ECF system:

>John E. Tiffany, Esquire
>The Robert Treat Center
>50 Park Place, 10th Floor
>Newark, New Jersey 07102
>
>Vijayant Pawar
>Law Offices of VIJAYANT PAWAR
>35 Airport Road, Suite 330
>Morristown, New Jersey 07960

>/s/ Gayle C. Sproul
>Gayle C. Sproul