USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
COUNTER TERRORIST GROUP US and
J.K. IDEMA,

                    Plaintiffs,
                                          07 Civ. 6299 (DAB)
                                              ORDER
          -against-

ASSOCIATED PRESS, ASSOCIATED PRESS
TV NEWS, PAUL HAVEN, STEPHEN GRAHAM,
JASON STRAZZIO, AMIR SHAH and JOHN
DOES 1-7,
                    Defendants.
------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

      Plaintiffs Counter Terrorist Group US and J.K. Idema filed the above captioned suit against Defendants Associated Press, Associated Press TV News, Paul Haven, Stephen Graham, Jason Strazzio, Amir Shah and John Does 1-7, alleging a single cause of action under federal law and ten causes of action under state law.  Plaintiffs' sole federal cause of action alleges that Defendants "have directly violated the copyrights of Plaintiffs and contributed to the copyright infringement of Plaintiffs' images and video by other third parties by distributing those materials to their clients."  (Complaint ¶ 149.)  The Complaint does not however allege that Plaintiffs have registered the images and video at issue with the United States Copyright Office.  Moreover, according to the Complaint, which alleges that the Court's subject matter jurisdiction over this case is based

on complete diversity of citizenship pursuant to 28 U.S.C. § 1332, Plaintiff J.K. Idema and Defendant Associated Press are both domiciled in New York state.[1]  Now before the Court is Defendants' Motion to Dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiffs oppose the motion by means of a single, unsigned, Affidavit filed by Plaintiff J.K. Idema and unaccompanied by a memorandum of law.

For the reasons stated below, Plaintiffs' Copyright Infringement/Contributory Infringement cause of action is DISMISSED.  Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is lacking over Plaintiffs' remaining state law claims and the Court declines to exercise supplemental jurisdiction over those claims.  The Complaint is therefore DISMISSED WITHOUT PREJUDICE.

---

[1]  The docket in this matter indicates that, on November 13, 2007, Plaintiffs filed a document denoted "First Joinder to Join" and captioned as "Substitution and Joinder".  It appears that the document was intended to amend the caption of Plaintiffs' Complaint to name additional defendants.  However, if that is what Plaintiffs intended to do, they should have filed an Amended Complaint, pursuant to Fed. R. Civ. P. 15, that included the additional defendants and the claims against them.  It is unclear what claims Plaintiffs intended to allege against the additional defendants named in the "Substitution and Joinder".  Moreover, Plaintiffs failed to submit a hard-copy of this document to the Court, in accordance with the Court's Individual Practice rules.  Not only is the document procedurally improper, it is clear from the docket that none of these additional defendants that Plaintiffs attempt to bring into this suit have been served within the time allotted by Fed. R. Civ. P. 4.  Accordingly, Plaintiffs' "Substitution and Joinder" (Docket Entry No. 18) is hereby STRIKEN.

DISCUSSION

For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). In other words, a plaintiff must satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (internal quotation marks omitted). Further, in deciding a motion to dismiss, the court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007) (citation omitted). However, "general, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint." Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany, No. 05 Civ. 10669, 2007 WL 2822214, at *7 (S.D.N.Y. Sept. 27, 2007).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1) even "a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient." Frisone v. Pepsico Inc., 369 F. Supp. 2d 464, 469 (S.D.N.Y. 2005) (citations omitted).

Section 411(a) of the Copyright Act provides that: "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The Second Circuit Court of Appeals has recently reaffirmed that section 411(a)'s registration of copyrights as a pre-requisite to filing a copyright infringement action is a jurisdictional requirement. See In re Literary Works in Elec. Databases Copyright Litig., 509 F.3d 116, 121-22 (2d Cir. 2007) ("Given our own binding precedent, not to mention the persuasive authority of our sister circuits, we again conclude that section 411(a)'s registration requirement limits a district court's subject matter jurisdiction to claims arising from registered copyrights only"). Where complaint alleging copyright infringement has failed to comply with section 411(a)'

4

registration requirement, the court lacks subject matter jurisdiction over the action under 28 U.S.C. § 1331 and the Copyright Act.  See <u>Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.</u>, 354 F.3d 112, 114-15 (2d Cir. 2003) (district court lacked subject matter jurisdiction over copyright infringement action where section 411(a)'s registration requirement was unmet); <u>Morris v. Business Concepts, Inc.</u>, 259 F.3d 65, 72-73 (2d Cir. 2001) (holding "that subject matter jurisdiction was lacking because the registration requirement of section 411(a) was not satisfied").

In the instant matter, Plaintiffs have failed to comply with section 411(a)'s registration requirement in that the Complaint does not allege that the images and video that Defendants are alleged to have infringed were registered with the United States Copyright Office.  Plaintiff J.K. Idema even acknowledges in his Opposition Affidavit that the images and video have not been registered.  Accordingly, Plaintiffs' copyright infringement and contributory infringement cause of action is DISMISSED.

According to the Complaint, both Defendant Associated Press and Plaintiff J.K. Idema are domiciled in New York. (Complaint ¶¶ 5-6.)  Thus, the Complaint's assertion of jurisdiction notwithstanding, the Court finds that it lacks

federal diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. See Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157 (2d Cir. 1998)   (The party seeking to invoke diversity ;1753;1753jurisdiction pursuant to 28 U.S.C. § 1332 must allege facts demonstrating that complete diversity;1760;1761;1760;1761 of citizenship exists between all parties to the action).

Where "the district court has dismissed all claims over which it has original jurisdiction," the court may decline to exercise supplemental jurisdiction over the remaining state claims.  28 U.S.C. § 1367(c)(3).  It is well established that when federal claims are dismissed before trial, the state claims should be dismissed as well.  See Castellano v. Bd. Of Trustees of the Police Officers' Variable Supplements Fund, 937 F.2d 752, 758 (2d Cir. 1991) (citations omitted), cert. denied, 502 U.S. 941, 112 S.Ct. 378 (1991).  Since Plaintiffs' sole federal claim has been dismissed, the factors of judicial economy, convenience, fairness, and comity weigh heavily in favor of dismissing Plaintiffs' pendent state law claims.  See Castellano, 973 F.2d at 758.  Therefore, the Court will not exercise supplemental jurisdiction over Plaintiffs' remaining state claims and those claims are hereby DISMISSED WITHOUT PREJUDICE.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, (1988) (citing United

6

Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 726-27 (1966)) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice").

## CONCLUSION

For the foregoing reasons, Plaintiffs' copyright infringement/contributory infringement cause of action is hereby DISMISSED WITH PREJUDICE, for failure to comply with the registration requirement of 17 U.S.C. § 411(a). Furthermore, since diversity jurisdiction, pursuant to 28 U.S.C. § 1332, is lacking over Plaintiffs' remaining state law claims, the Court declines to exercise supplemental jurisdiction over those claims. Those claims are hereby DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to close the docket in this case.

SO ORDERED.

Dated:   New York, New York

*August 26, 2008*

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge